UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BRENDA DIBLEY,

                            Plaintiff,
v.                                                                   Index No.

CUBA MEMORIAL HOSPITAL INC.

                            Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. PRELIMINARY STATEMENT

1. This arises under Title I of the Americans with Disabilities Act, 42 U.S.C. §12101, et. seq. ("ADA"), for discrimination based on disability and retaliation.

### II. JURISDICTION AND VENUE

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343

3. Venue is properly laid within the Western District of New York pursuant to 28 U.S.C. § 139J(b) in that the Plaintiff lives in the Western District of New York, the Defendant is located in the Western District of New York, and a substantial part of the acts or omissions giving rise to the claim occurred in the Western District of New York.

### III. PARTIES

4. That the Plaintiff resides in Cuba, New York.

5. The Defendant Cuba Memorial Hospital Inc.(hereinafter "CMH") is corporation organized and existing under the laws of the State of New York.

6. That from April 2019 through November 5, 2021, Plaintiff was an employee of Defendant CMH.

7. CMH is an "employer" under Title I of the ADA as it is engaged in an industry affecting commerce and has had fifteen (15) or more employees for each working day

in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

8. At all relevant times herein, Defendant CMH exercised control over the Plaintiff.

9. At all relevant times herein, Plaintiff took direction from Defendant CMH.

10. At all relevant times herein Defendant CMH and its' agents, made the decisions which led to the violations of the Plaintiff's rights under Title I of the ADA

### IV. PREREQUISITES TO CLAIMS UNDER TITLE I OF THE ADA

11. That in or about February 23, 2022, Plaintiff mailed a completed and signed intake questionnaire form to the Equal Employment Opportunity Commission ("EEOC") together with a narrative summary she had prepared of the discrimination and harassment she suffered while in the employ of the Defendant as is more fully detailed in this complaint to the EEOC in Buffalo, New York.

12. On or about September 9, 2022, the EEOC uploaded to their website Plaintiff's "Right to Sue" letter advising him of the completion of the prerequisites to suit. A copy of the "Right to Sue" letter is annexed hereto as Exhibit A.

### V. FACTS

13. Plaintiff was employed with the Defendant OBI as a certified nurses' assistant.

14. On December 19, 2020, Plaintiff tested positive for COVID-19 and was subsequently taken out of work for 14 days to quarantine and recover.

15. Prior to Plaintiff returning back to work, CHM informed her that she would need to wear a mask and a face shield.

16. On January 4, 2021, Plaintiff provided CHM with a physician's note instructing her to remain out of work as a result of her asthma flaring up due to her exposure to COVID-19.

17. Plaintiff informed CMH that she had a follow up appointment with her doctor on January 18, 2021.

18. On January 19, 2021, Plaintiff provided CMH with another physician's note stating that she was to be excused from work due to continued respiratory issues and was to remain out of work until further notice.

19. That at the time Plaintiff provided the aforementioned notes to the Director of Nursing at CMH, she was never informed that she was terminated.

20. On November 5, 2021, Plaintiff called CMH and spoke with Sara Eli from Human Resources and inform her that she was medically cleared to return to work as of November 16, 2021. At that time Ms. Eli informed Plaintiff that she was terminated as of January 15, 2021.

21. That this was the first time Plaintiff was informed that she was terminated.

22. By reason of the foregoing, Defendant has violated Plaintiff's rights pursuant to Title I of the ADA in that the Plaintiff was discriminated against due to her disability.

23. That Plaintiff was subjected to discriminatory conduct by the Defendant CMH that created an offensive work environment on the basis of her disability.

24. Defendant CMH's employees were in positions to adversely affect the terms, conditions and privileges of Plaintiff's employment.

25. That Defendant CMH failed to provide any reasonable accommodations to the Plaintiff that would allow her to perform her job.

26. In the alternative, Defendant CMH failed to provide Plaintiff with the opportunity to perform a different job or task of which said position was presently available at the time of Plaintiff's injury that compensated Plaintiff at the same rate of pay as the Plaintiff's current positon.

27. As a result of Defendant CMH's actions, Plaintiff experienced loss of income, other monetary loss such over 45 hours of PTO compensation, fear, anxiety, shame, embarrassment, emotional pain and suffering, and loss of enjoyment of life.

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered against the Defendant for

(a) Actual damages;

(b) Compensatory damages, including but not limited to

(c) Punitive damages;

(d) Costs, disbursements and reasonable attorney's fees;

(e) For such other and further relief as may be just and proper.

## VI. DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues in this action.

Dated: November 8, 2022

/s/Seth J. Andrews
Seth J. Andrews, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
sandrews@kennethhiller.com